GABRIELE SCOPPIO *vs.* VITTORINO CANNELLA.

MAY 25, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Equity.   Reformation of Contract.   Mistake.*

Where a mistake as to the amount of land to be sold arose through the unauthorized act of the agent of respondent in pointing out to complainant two lots of land as the land to be sold, when he was only authorized to sell one lot, although equity will not reform the contract, respondent will be required to refund the money paid on account of the purchase price of both lots and an equitable lien will be established in favor of complainant upon the land for the repayment of the money with interest from the date of payment.

*(2)   Equity.   Jurisdiction.*

When a Court of Equity has obtained jurisdiction of a controversy on any ground it will retain such jurisdiction for the purpose of administering full relief.

BILL IN EQUITY.   Heard on appeal of respondent and dismissed.

SWEENEY, J.   This bill in equity is brought to reform a written contract for the sale and purchase of real estate situated in the city of Cranston; for specific performance of the contract as reformed, and for other relief.

The complainant averred that the respondent, acting through his agent, agreed to sell him two adjoining lots of land with a dwelling house located on one of the lots and some outbuildings located upon the other one, and that by mutual mistake the written agreement for the sale and purchase of said real estate only mentioned the lot on which the house was located.   The complainant also alleged that he paid the respondent one thousand dollars on account of the purchase price of said real estate.

The answer of the respondent denied that he authorized his agent to sell the complainant both of said lots of land, and averred that he agreed to sell to the complainant only the lot with the dwelling house thereon.   The respondent admitted that he had received one thousand dollars from the complainant on account of the purchase price of the real estate agreed to be sold.

After a hearing in the Superior Court upon bill, answer, issues of fact and proof the court found that the complainant thought that he was buying both lots of land and that the respondent thought that he was selling only the lot with the dwelling house thereon and denied the complainant's prayer for a reformation of the contract and specific performance. The court also found that, as the misunderstanding as to the quantity of land to be sold arose through the unauthorized act of the agent of the respondent in pointing out to the complainant both lots of land as the land to be sold, when he was only authorized to sell the lot with the house thereon,

the respondent must return to the complainant the one
thousand dollars paid by him on account of the purchase
price of both lots of land, and gave the complainant an
equitable lien upon said land for one thousand dollars with
interest thereon from the date of its payment. A final
decree was entered in accordance with this finding, and the
respondent, deeming himself aggrieved thereby, has duly
brought the cause to this court upon his appeal therefrom.
The reasons given for the appeal are that the decree is against
the law and the evidence and the weight thereof.

The respondent concedes that the evidence was sufficient to
justify the court in ordering the written agreement between
the parties cancelled on account of a material mistake as to
the quantity of land to be conveyed to the complainant under
the rule as stated in *Fehlberg* v. *Cosine,* 16 R. I. 162, wherein
the court held that where there has been a material mistake
upon one side the court may rescind and cancel the agree-
ment, where it can do so without injustice to the other party.
The respondent now claims that the Superior Court was not
justified in establishing a lien upon the real estate of the
respondent in favor of the complainant for the repayment of
said thousand dollars with interest thereon from the date
of payment. As the court found that the respondent should
not be required to convey both of said lots of land to the
complainant on account of the unauthorized act of his agent
in agreeing to sell said lots of land to the complainant, it
would be inequitable to permit the respondent to retain the
money received by him from the complainant on account of
the purchase price of both of said lots of land. It appeared
in evidence that the respondent paid a mortgage upon said
land amounting to about eight hundred and fifty dollars out
of the one thousand dollars received from the complainant.
The bill contains a prayer for other and further relief which
the court may find that the complainant is entitled to in
addition to the prayer for the reformation of the contract
and the specific performance thereof. The rule is well
settled that when a court of equity has obtained jurisdiction

of a controversy on any ground, it will retain such juris-diction for the purpose of administering full relief. 21 C. J. 134. Under the evidence in this cause, the court was justified in entering a decree ordering the respondent to return the one thousand dollars paid to him by the complainant on account of the purchase price of both lots of land and giving the complainant an equitable lien upon said land until the repayment of said sum.

The respondent's appeal is dismissed. The decree appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*Anthony V. Pettine, Mortimer G. Cumming,* for complainant.

*Edward M. Sullivan, John J. Sullivan,* for respondent.